## IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF GEORGIA

## ATHENS DIVISION

| | |
|---|---|
| **SARA TAYLOR** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.** **3:25-CV-00079-CDL** |
| **BEST INSURANCE GROUP, LLC,** | |
| **Defendant.** | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant BEST INSURANCE GROUP, LLC ("Defendant") hereby answers the Complaint of Plaintiff SARA TAYLOR ("Plaintiff") as follows:

1.      Paragraph 1 of the Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them.  Moreover, said allegations constitute legal conclusions to which no response is required.

2.      Paragraph 2 of the Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative

allegations, Defendant denies them.  Moreover, said allegations constitute legal conclusions to which no response is required.

3.     Defendant admits that Plaintiff has brought this action individually and as a putative class representative.  Defendant denies that the action has merit, denies that class action treatment is warranted, and denies any remaining allegations in Paragraph 3 of the Complaint.

4.     Defendant denies any illegal telemarketing calls.  Defendant admits that Plaintiff has brought this action.  Defendant denies that the action has merit, denies that class action treatment is warranted, and denies any remaining allegations in Paragraph 4 of the Complaint.

## I. Parties

5.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

6.     Defendant admits that it is a limited liability company.

## II. Jurisdiction and Venue

7.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, which also constitute legal conclusions.

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint, which also constitute legal conclusions.

9.      Defendant denies any illegal telemarketing.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint, which also constitute legal conclusions.

## III. FACTS

### A. The Enactment of the TCPA and Its Regulations

10.     Paragraph 10 of the Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them.  Moreover, said allegations constitute legal conclusions to which no response is required.

11.     Paragraph 11 of the Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them.  Moreover, said allegations constitute legal conclusions to which no response is required.

12.     Paragraph 12 of the Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them.  Moreover, said allegations constitute legal conclusions to which no response is required.

13.     Paragraph 13 of the Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them.  Moreover, said allegations constitute legal conclusions to which no response is required.

14.     Paragraph 14 of the Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them.  Moreover, said allegations constitute legal conclusions to which no response is required.

## Factual Allegations

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, which also constitute legal conclusions.

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

## Class Action Allegations

21.     Defendant admits that Plaintiff brings this action individually and on behalf of a putative class.  Defendant denies that Plaintiff has a viable class, and further denies any remaining allegations in Paragraph 21 of the Complaint.

22.     Defendant denies that Plaintiff has a viable class.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies that Plaintiff has a viable class.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant admits that the Complaint seeks various relief and damages. Defendant denies that the imposition of any damages or other relief is warranted, and further denies any remaining allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.    Defendant denies the allegations in Paragraph 31 of the Complaint.

32.    Defendant denies the allegations in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations in Paragraph 35 of the Complaint.

### First Cause of Action

36.    Defendant incorporates by reference all of the responses set forth hereinabove as if fully set-forth herein.

37.    Defendant denies the allegations in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations in Paragraph 40 of the Complaint.

### Plaintiff's Prayer for Relief

Defendant denies that Plaintiff and the putative class members are entitled to any relief requested in the Prayer for Relief and elsewhere in the Complaint.

### Plaintiff's Jury Demand

Defendant admits that Plaintiff demands a trial by jury.

### AFFIRMATIVE DEFENSES

1.    The acts, omissions, injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault,

negligence, negligence per se, assumption of the risk, contributory negligence, and/or culpable conduct of Plaintiff, the putative class members, third parties, and/or others for whom Defendant is not responsible.

2.      Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute(s) of limitations.

3.      Defendant acted in good faith at all relevant times and did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous.

4.      All calls and/or text messages placed to Plaintiff and the putative class members, if any, were placed with prior express consent, written or otherwise.

5.      Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA or the regulations prescribed thereunder.

6.      Plaintiff's alleged TCPA claim does not apply to text messages.

7.      This matter may be subject to an arbitration provision and/or a class action waiver provision.  If so, Defendant reserves the right to enforce any such provisions.

8.      Plaintiff's claims, and/or the claims of the putative class members, are barred because they lack standing and/or jurisdiction to assert them, *inter alia*, because they have suffered no injury-in-fact.

9.      Plaintiff's claims, and/or the claims of the putative class members, may be barred by the doctrines of unclean hands, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and/or other equitable doctrines.

10.      To the extent that Plaintiff and/or the putative class members claim to have suffered damages, which is disputed by Defendant, they have failed to mitigate any such claimed damages.

11.      The imposition of the damages sought by Plaintiff on a class action basis would violate Defendant's constitutional rights to due process and equal protection and constitute an excessive fine.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for a judgment in favor of Defendant and against Plaintiff, for all attorneys' fees and costs incurred by Defendant herein, and for such further relief as the Court deems just and proper.

Date: September 8, 2025                     Respectfully submitted,


                                           */s/ Bryan S. Kaplan*
                                           Bryan S. Kaplan
                                           GA Bar No. 301706
                                           KAPLAN LEGAL SERVICES, LLC
                                           6100 Lake Forrest Drive NW, Suite 530
                                           Atlanta, GA 30328
                                           (404) 205-5835
                                           bk@kaplanlawga.com

                                           Attorneys for Defendant
                                           BEST INSURANCE GROUP, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2025, a true and correct copy of the

Defendant's Answer and Affirmative Defenses was served upon all parties entitled

to notice via the Court's electronic transmission facilities or by placing a true and

correct copy with the United States Postal Service with adequate postage affixed,

addressed to:

ANTHONY I PARONICH, ESQ.    VALERIE L CHINN, ESQ.
350 LINCOLN STREET STE 2400    245 N HIGHLAND AVE
HINGHAM, MA 02043    STE 230 #7
anthony@paronichlaw.com    ATLANTA, GA 30307
    vchinn@chinnlawfirm.com


*/s/ Bryan S. Kaplan*
Bryan S. Kaplan
GA Bar No. 301706
KAPLAN LEGAL SERVICES, LLC
6100 Lake Forrest Drive NW, Suite 530
Atlanta, GA 30328
(404) 205-5835
bk@kaplanlawga.com

Attorneys for Defendant
BEST INSURANCE GROUP, LLC