IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| SARA TAYLOR, on behalf of herself and others similarly situated, | : : : : : : : : : : : : | CIVIL ACTION FILE NO. 3:25-cv-79 |
| Plaintiff, | | |
| v. | | |
| BEST INSURANCE GROUP, LLC | | |
| Defendant. | | |

**SCHEDULING AND DISCOVERY ORDER**

The parties held a Rule 26(f) conference on October 7, 2025. In accordance with the Court's Rules 16 and 26 Order, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I.  Nature of the Case**:

Plaintiff's Position:

The Plaintiff has filed this lawsuit alleging that the Defendant violated the Telephone Consumer Protection Act, 27 U.S.C. § 227, *et seq.* ("TCPA") claiming that Best Insurance Group, LLC made telemarketing calls, but did so to numbers that were on the National Do Not Call Registry. Furthermore, because telemarketing campaigns generally place calls to hundreds or thousands of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the defendant.

Defendant's Position:

Defendant disputes Plaintiff's allegations and denies that it violated the Telephone Consumer Protection Act. Defendant had, or reasonably believed it had, the appropriate consent to contact the telephone number at issue. Defendant maintains procedures designed to comply with the TCPA at all times. Additionally, Plaintiff complains about text messages, and applicable case law holds that the TCPA provision Plaintiff alleges was violated does not apply to text messages. Further, Defendant denies that class action treatment is warranted.

**II.   Counsel of Record**
**For the Plaintiff:**

>Anthony I. Paronich
>Paronich Law, P.C.
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>(508) 221-1510
>anthony@paronichlaw.com

**For Defendant,**

>Bryan S. Kaplan
>Kaplan Legal Services, LLC
>6100 Lake Forrest Drive NW, Suite 530
>Atlanta, GA 30328
>(404) 205-5835
>bk@kaplanlawga.com

**III.   Complaint and Answer Filing Date**

The Complaint was filed: May 19, 2025
Answer was filed: September 8, 2025

**IV.   Discovery Deadlines**

A. **Time for Discovery**

The time for discovery in this case shall expire June 26, 2026, that being approximately 250 days after the submission of the Proposed Order to the Court. The parties believe this time is needed to complete discovery for multiple reasons including that this case is styled as a class action, will likely involve discovery from third parties that could be difficult to obtain, and relatively complex expert discovery.

B. **Scope of Discovery**
Plaintiff's Position:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert

testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Defendant's Position:

Defendant anticipates conducting discovery regarding the allegations in Plaintiff's Complaint and Defendant's defenses thereto, the communications between Plaintiff and Defendant and any relevant third parties, Plaintiff's alleged registration with the National Do Not Call Registry, consent issues regarding Plaintiff and the putative class members, examination of Plaintiff's electronic devices, and Plaintiff's alleged damages. Defendant may also serve third-party records subpoenas.

**C. Electronically Stored Information**

The Parties have taken the appropriate steps to preserve discoverable information, including ESI, and the parties have discussed how they will produce ESI in a format that will be best utilized by each party's expert.

**D. Privilege Claims**

The Defendant will propose a Protective Order, which will include a claw-back provision.

**E. Witness to be Deposed**
The Plaintiff will be deposing defendant, who can be contacted through counsel, as well as any vendors they used, who are unknown at this time.

Defendant will depose Plaintiff, who can be contacted through counsel, as well as any third persons with relevant knowledge, such as prior owners of Plaintiff's telephone number if any, and entities to which the telephone number at issue may have been submitted.

F. **Expert Witnesses**

   1. **Designation of Experts**

   The Plaintiff must disclose the identity of any expert witness on or before December January 5, 2026, that being no more than 90 days after the submission of the Proposed Order to the Court. The Defendant must disclose the identity of any expert witness on or before February 3, 2026, that being no more than 120 days after the submission of the Proposed Order to the Court. Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before March 16, 2026, that being no more than 160 days after the submission of the Proposed Order to the Court. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

G. **Discovery Limitations or Need for Protective Order**

   The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure

36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

The Defendant will propose a Protective Order, which will be submitted to the Court for consideration.

### H. Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must follow the procedures described in the Court's September 9, 2025 Order (ECF No. 12).

## V. Time for Filing Motions

### A. Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join parties must be filed no later than Friday December 5, 2025, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

### B. Dispositive Motions

All dispositive motions must be filed no later than July 27, 2026, that being no more than 30 days after the expiration of discovery in this case.

### C. Class Certification Motion

Any class certification motion should be filed no later than July 27, 2026, that being no more than 30 days after the expiration of discovery in this case.

VI.     **Certification of the Parties and Counsel**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a). Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

Counsel for Plaintiff,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Counsel for Defendant,

*/s/ Bryan S. Kaplan*
Bryan S. Kaplan
Kaplan Legal Services, LLC
6100 Lake Forrest Drive NW, Suite 530
Atlanta, GA 30328
(404) 205-5835
bk@kaplanlawga.com

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby ADOPTS the parties' plan and MAKES IT THE ORDER OF THE COURT. SO ORDERED, this 21st day of October, 2025.

    _S/Clay D. Land
    CLAY D. LAND, JUDGE
    UNITED STATES DISTRICT COURT