**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

**SARA TAYLOR** *
*on behalf of herself and others similarly situated,* *

Plaintiff, *

vs. * CIVIL ACTION NO. 3:25-cv-00079-CDL

*

**PREMIER INSURANCE BENEFITS LLC**
*doing business as* *
BEST INSURANCE GROUP

Defendant.

## ORDER SETTING PRETRIAL CONFERENCE

1. A Rule 16 pretrial conference will be held at the United States District Court Courthouse in **ATHENS, GEORGIA,** at **9:00am** on **October 16, 2026.** Counsel for each party, as well as each pro se party not represented by counsel, must attend the pretrial conference.

2. This case shall be specially set down for trial in **ATHENS, GEORGIA** during the Court's next regularly scheduled trial term, which will begin on **November 2, 2026**

3. Lawyers and pro se (unrepresented) parties who do not attend the pretrial conference will be bound by decisions made at the conference.

4. The parties are expected to make pretrial disclosures as required by Federal Rule of Civil Procedure 26(a)(3) by the deadlines set forth in this order.

   a. No later than **21 days before PTC**, each party shall deliver to all other parties a list of witnesses the party expects to present and those the party may call if the need arises.

   b. No later than **21 days before PTC**, copies of proposed trial exhibits of each party (including impeachment exhibits known to exist at the time and exhibits that include summaries of other evidence) shall be delivered to all other parties. The parties, by agreement, may exchange exhibit lists instead of the actual exhibits if the number of exhibits is so voluminous that exchanging them would be unduly burdensome.

   c. Numbering Exhibits. All exhibits should be numerically marked prior to trial. Please DO NOT use letters to identify your exhibits. Please contact the courtroom deputy clerk with questions about enumeration of exhibits.

   d. Preparing Exhibits. Both paper copies and electronic versions of all admitted exhibits will go out with the jury during deliberations, and the Court will take custody of each paper exhibit AS IT IS ADMITTED INTO EVIDENCE. For instructions on how to format and submit electronic

evidence, see http://www.gamd.uscourts.gov/technology, specifically the instructions concerning the Jury Evidence Recording System (JERS). A sample of electronic files that comply with the JERS file naming system should be provided to the courtroom deputy at the pretrial conference, and ALL electronic evidence files in the proper format should be provided to the courtroom deputy no later than the first day of trial.

e. Courtroom Technology. Please see the Court's website, http://www.gamd.uscourts.gov/technology, for information about available courtroom technology. The parties are expected to schedule a courtroom technology session BEFORE the trial term begins. Mr. Gunn will conduct the sessions in Columbus and Ms. Niccolai will conduct the session in Athens.

5. All motions in limine, including motions to exclude expert testimony for which the scheduling order deadline has not passed and objections to exhibits or witnesses identified under Federal Rule of Civil Procedure 26(a)(3)(A), shall be filed electronically with the Court no later than **14 days before PTC.** Any responses to the motions in limine shall be filed electronically with the Court no later than **7 days before PTC.** Any objections to exhibits or witnesses based on failure-to-

disclose that are not made in a motion in limine shall be deemed waived. Pretrial conference participants should be prepared to discuss the merits of the motions at the pretrial conference. No motions in limine may be filed after the pretrial conference absent a showing that the motions could not reasonably have been made at the pretrial conference.

The Court reminds the parties that the purpose of a motion in limine is to narrow and define the questions for trial by permitting the Court to make pre-trial rulings regarding the admissibility of specific evidence. Motions in limine must be tailored to the issues pending in the case, addressing specific expected evidence or argument. Generalized, vague, and overly broad motions in limine should not be filed. Before filing any motions in limine, the attorneys should review and consider the concurring opinion in *Williams v. Harvey*, 858 S.E.2d 479, 491-92 (Ga. 2021) (Bethel, J., concurring).

6. The parties shall only be permitted to use depositions at trial if the use is permitted under Federal Rule of Civil Procedure 32(a). No later than **14 days before PTC**, any party intending to introduce deposition testimony at trial for any purpose other than solely for impeachment during cross examination shall electronically file a notice including the name of the deponent, the date the deposition was taken, the basis for using the

deposition at trial under Rule 32(a), and the docket number of the complete deposition. If a party intends to introduce only portions of a deposition, then the party's notice shall also include the page and line numbers of the deposition testimony. If a party intends to introduce at trial an edited videotape deposition, this information shall be indicated on the notice, and the party shall submit a copy of the videotaped deposition to opposing counsel no later than 14 days prior to the pretrial conference.

No later than **7 days before PTC**, any party wishing to make counter-designations to designated deposition testimony shall electronically file a notice including the name of the deponent, the date the deposition was taken, the docket number of the complete deposition, and the page and line numbers of the counter-designated deposition testimony.

No later than **3 days before PTC**, any objections to designated deposition testimony shall be made in writing and e-filed with the Clerk as a notice. Any objections not filed by that date shall be waived.

Exhibit B to the joint proposed pretrial order shall include the same deposition designations and any counter-designations as are e-filed with the Clerk. Any deposition not identified in the proposed pretrial order and filed with the clerk prior to trial shall not be used at trial in lieu of live testimony

absent a demonstration that the deposition could not reasonably have been identified at the pretrial conference.

If a party intends to use a hard copy of a deposition at trial, that party shall arrange have a copy available for use during the trial. The clerk will not provide hard copies of electronically filed depositions. Any depositions used solely for impeachment shall be promptly filed electronically no later than 24 hours after the deposition is used at trial.

7. No later than **7 days before PTC**, the parties shall submit a single JOINT proposed pretrial order, **in substantially the same format as and covering all matters referred to in the form attached to this order.** This proposed order must be electronically transmitted to the Court via e-mail in Microsoft Word or WordPerfect format (not scanned) at **Columbus.ecf@gamd.uscourts.gov** for Columbus Division cases and to **Athens.ecf@gamd.uscourts.gov** for Athens Division cases. **DO NOT ELECTRONICALLY FILE THIS PROPOSED PRETRIAL ORDER - IT MUST BE E-MAILED TO ONE OF THE ADDRESSES ABOVE. ONLY ONE JOINT PROPOSED PRETRIAL ORDER SHALL BE SENT TO THE COURT. IF DISAGREEMENTS EXIST REGARDING THE PROPOSED ORDER, THE PARTIES SHALL STATE THOSE DIFFERENCES, AND SPECIFY THEIR RESPECTIVE POSITIONS, IN THE SINGLE JOINT PROPOSED PRETRIAL ORDER E-MAILED TO THE COURT. THE COURT EXPECTS THE JOINT PROPOSED PRETRIAL**

**ORDER TO BE COMPLETE, AND THEREFORE, NO PROPOSED AMENDMENTS SHOULD BE SENT TO THE COURT AFTER THE JOINT PROPOSED PRETRIAL ORDER IS SENT TO THE COURT. IF ANY AMENDMENTS ARE DEEMED NECESSARY BY THE PARTIES, THE PARTIES SHOULD SUBMIT A HARD COPY OF THE JOINT PROPOSED AMENDED PRETRIAL ORDER AT THE PRETRIAL CONFERENCE. ANY PROPOSED AMENDMENTS WILL BE CAREFULLY SCRUTINIZED BY THE COURT.**

At the pretrial conference each party shall:

a. Make any objections as to the authenticity of the exhibits of the other parties. Any authenticity objections not made at pretrial conference shall be deemed waived. Unless specifically addressed at the pretrial conference, the Court will reserve ruling on any other objections to the exhibits.

b. Make any objections to witnesses listed in the proposed pretrial order. Any objections not made at the pretrial conference shall be deemed waived. Witnesses not identified in the proposed pretrial order shall not be allowed at trial unless otherwise ordered by the Court or unless the witness could not have reasonably been identified prior to the pretrial conference.

c. Be prepared to argue objections to deposition designations and counter-designations.

d. Present to the Court all pending motions or other matters which require a ruling or other action by the Court. Any pending motions not so identified shall be deemed abandoned by the movant.

8. As noted in the form attached to this order, the parties shall attach as **Exhibit D** to the proposed pretrial order the parties' proposed verdict form(s).

As noted in the form attached to this order, the parties shall attach as **Exhibit E** to the proposed pretrial order the parties' proposed jury instructions. Each proposed instruction must be on a separate page, double spaced, and numbered for identification. Each proposed request shall also include citations to authority supporting the proposed instruction. In all cases, including diversity cases, the Court uses the Eleventh Circuit Pattern Jury Instructions – Civil, Basic Instructions 3.1 to 3.9. The parties do not need to request those instructions. Rather, the parties should focus on the substantive claims instructions that need to be given. For federal question cases, the Court generally uses the claims instructions from the Eleventh Circuit Pattern Jury Instructions. For diversity cases arising under Georgia law, the Court generally uses the civil claims and damages instructions from the Georgia Suggested Pattern Jury

Instructions by the Council of Superior Court Judges of Georgia. If a claim at issue for trial is not addressed by a pattern jury instruction (or if a party requests a non-pattern instruction instead of an existing pattern instruction), the parties should craft proposed instructions for that claim (a) summarizing the claim, (b) explaining each element necessary for a plaintiff to prove the claim, (c) explaining any affirmative defense to the claim, (d) addressing the measure of damages, and (e) providing citations to authority in support of the requested instructions.

9. No later than **fourteen days before the trial date**, all parties shall electronically file with the court a notice containing a list of proposed voir dire questions for prospective jurors. PLEASE NOTE: Juror questionnaires will be made available electronically via CM/ECF at least one week prior to jury selection.

**SO ORDERED**, this August 27, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA